UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| ERIC GARCIA,<br><br>    Plaintiffs,<br><br>  v.<br><br>STATE OF NEVADA,<br><br>    Defendant. | Case No. 2:23-cv-01316-APG-EJY<br><br>**REPORT AND RECOMMENDATION**<br><br>ECF No. 1-1 |

Pending before the Court is Plaintiff Eric Garcia's initiating documents titled Notice of Appeal. ECF No. 1-1. To the extent Plaintiff seeks to appeal a criminal conviction arising from proceedings in a Nye County court, Plaintiff must file a Notice of Appeal with the Nevada Supreme Court under its applicable rules. To the extent Plaintiff seeks to attack his conviction based on ineffective assistance of counsel under the Sixth Amendment to the U.S. Constitution, which based on a review of Plaintiff's initiating documents appears to be his intent, he must file a writ of habeas corpus. 28 U.S.C. § 2254(b)(1); *Heck v. Humphrey*, 512 U.S. 477, 481 (1994) (citing *Preiser v. Rodriguez*, 411 U.S. 475, 488-490 (1973)).[1]

Further, commencing an action in the federal court requires Plaintiff to file a complaint. Fed. R. Civ. P. 3 ("[a] civil action is commenced by filing a complaint with the court"). Nevada Local Rule LSR 2-1 states that "[a] civil-rights complaint filed by a person who is not represented by an attorney must be submitted on the form provided by this court or must be legible and contain substantially all the information called for by the court's form." Plaintiff, who is pro se, must submit a complaint on the form provided by the Court.

---

[1] The *Preiser* Court concluded that "[i]t would wholly frustrate explicit congressional intent" to allow plaintiffs to bring a § 1983 claim to evade the exhaustion requirement of an application for a writ of habeas corpus. *Preiser*, 411 U.S. at 489-490. As the *Heck* Court stated, a prisoner "has no cause of action under § 1983 unless and until the conviction or sentence is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus." *Heck*, 512 U.S. at 489. Federal courts must work to prevent prisoners from relying on § 1983 to subvert the different procedural requirements of habeas corpus proceedings under 28 U.S.C. § 2254. *Id.* at 486-87; *Simpson v. Thomas*, 528 F.3d 685, 695 (9th Cir. 2008).

1

Finally, under 28 U.S.C. § 1915(a)(2) and Local Rule LSR 1-2, an inmate seeking to commence a civil action may apply to proceed *in forma pauperis*, which allows the inmate to file the civil action without prepaying the full $402 filing fee. Plaintiff has neither paid the filing fee nor filed an application to proceed *in forma pauperis*.

Accordingly, IT IS HEREBY RECOMMENDED that this matter be dismissed without prejudice so that Plaintiff may initiate habeas proceedings, as his initiating documents suggest he wishes to do, or a civil rights complaint with the federal court under 42 U.S.C. § 1983.

IT IS FURTHER RECOMMENDED that Plaintiff be sent the form civil rights complaint and instructions for initiating the same.

IT IS FURTHER RECOMMENDED that Plaintiff also be sent instructions regarding commencing a non-death penalty writ of habeas corpus and the form pertaining to the same.

IT IS FURTHER RECOMMENDED that Plaintiff be sent the application to proceed *in forma pauperis* for an inmate together with the instructions for filing the same.

Dated this 2nd day of October, 2023.

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE

**NOTICE**

Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst,* 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).